**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

```
GRISSELLE NIEVES, ET AL.,

        Plaintiffs,

             v.                              CIV. NO. 09-1710 (PG)

UNITED STATES POSTAL SERVICE, ET
AL.,

        Defendants.
```

**OPINION AND ORDER**

Pending before the Court is defendants' motion to dismiss (Docket No. 10). For the reasons set forth below, the Court **GRANTS** the defendants' request.

**I. BACKGROUND**

On July 24, 2009, plaintiffs Grisselle Nieves ("Nieves"), Karina Marchani ("Marchani"), and Marlyn Berbena ("Berbena") and their respective conjugal partnerships (hereinafter collectively referred to as "Plaintiffs") filed the above-captioned claim against the United States Postal Service ("USPS") and John E. Potter ("Potter"), Postmaster General of the USPS (hereinafter collectively referred to as "Defendants"). Plaintiffs allege that on April 15, 2005, they received letters advising them they were being terminated from their employment with the USPS. See *Amended Complaint*, Docket No. 4 at ¶ 15. At the time, they were Part-Time Flexible (PTF) Sales and Services Distribution Associates and members of the American Postal Workers Union ("APWU"). Id. at ¶ 7, 14, 17.

The Collective Bargaining Agreement ("CBA") between the APWU and the USPS states that "[n]o employee may be disciplined or discharged except for just cause … ." See *CBA*, Docket No. 10-3 at page 111. The CBA also provides that any such discipline or discharge shall be subject to the grievance-arbitration procedure established in the CBA. See id. The termination letters advised Plaintiffs of their right to file a grievance under the grievance/arbitration procedure set forth in Article 15 of the CBA within 14 days of the receipt of the notice, and so they did.

Thereafter, on January 29, 2009 and on April 25, 2009, Fred D. Butler, Arbitrator for the Regular Arbitration Panel, entered arbitration awards in

favor of Plaintiffs awarding them the following: (1) reinstatement to their positions at the time of their removal with all of the benefits of those positions; (2) the restoration of their seniority from the date of their original appointments; (3) pay back wages equal to the number of hours worked by similarly situated employees during the period of time of the removals, in addition to interests; and, (4) reimbursement of any medical expenses including premiums paid that would have been covered by the USPS during the relevant time period. See Docket No. 10-5. The Plaintiffs, however, now seek no less than $300,000 in compensatory damages for the emotional distress and mental anguish they suffered during the process and arising out of "the torts of USPS against Plaintiffs and/or the breach of the collective bargaining contract between the USPS and Plaintiffs." See *Amended Complaint*, Docket No. 4 at ¶ 5.

Instead of answering the complaint, the Defendants filed the present motion requesting that the Plaintiffs' suit be dismissed based on multiple grounds: (1) that the Plaintiffs' claims are barred by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671 *et seq.*; (2) that defendants John Potter and the USPS are immune from Plaintiffs' tort claims; (3) that Plaintiffs have failed to timely exhaust administrative remedies; (4) that the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 2302, *et seq.*, bars Plaintiffs' claims; (5) that the FTCA bars allegations of interference with contract rights; (6) that Plaintiffs' claims for alleged work-related injuries are preempted by the Federal Employees Compensation Act ("FECA"), 5 U.S.C. §§ 8101; (7) that Plaintiffs' request to challenge, alter or amend the arbitration award is time barred; and, (8) that Plaintiffs failed to exhaust administrative remedies as to allegations of breach of the CBA. See Docket No. 10. Plaintiffs opposed the motion to dismiss (Docket No. 13) and the Defendants replied thereto (Docket No. 16).

## II. STANDARD OF REVIEW

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief. … This short and plain statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir.2009) (internal citations and quotation marks omitted).

Motions to dismiss brought under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negron-Gaztambide v.

Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). When ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir.2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)). Courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir.2008) (internal citations and quotation marks omitted). "Yet [the court] need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009)). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, … , a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

Moreover, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has … held that to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir.2007) (citing Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

### III. DISCUSSION

In the complaint, the Plaintiffs allege to have suffered emotional damages to the extent their wrongful termination from their employment with the USPS consisted of a tort against them and/or a breach of the CBA. See Docket No. 4 at ¶ 5. We will begin our analysis with the latter of these claims.

**A. Breach of Contract Claim**

In their opposition, the Plaintiffs admitted that "[i]t is beyond any contestation that the proceedings established for the grievances suffered by plaintiffs against the USPS for breach of contract, or termination without cause, are established and preempted by the Collective Bargaining Agreement (CBA)." Docket No. 13 at page 10. Such proceedings were the arbitration process to which the parties were subjected to. Additionally, the Plaintiffs conceded in their opposition that the arbitrator in the grievance proceedings did not have the faculty, power or jurisdiction to award them compensatory damages. See id. at page 2. Therefore, to the extent the CBA is binding between the parties and provides for the available remedies in the event of its breach, the Court finds that the Plaintiffs are limited to the avenues of relief and the exclusive remedies provided and contemplated therein. Plaintiffs are thus admittedly not entitled to receive the compensatory damages requested herein.

Moreover, as purported by the Defendants in their reply, an aggrieved worker whose employment is governed by a CBA which establishes mandatory, binding grievance procedures and gives the union the exclusive right to pursue claims on behalf of aggrieved employees normally lacks standing independently to initiate grievance procedures, to sue for breach of the CBA, or to attack in court the results of the grievance process. See Phillips v. Potter, No. 07-0894-CG-B, 2008 WL 2476870, at *4 (S.D.Ala. June 18, 2008) (citing McNair v. U.S. Postal Service, 768 F.2d 730, 735 (5th Cir.1985)); Ross v. Runyon, 858 F.Supp. 630 (S.D.Tex. 1994) (citing Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 568 (1976); Vaca v. Sipes, 386 U.S. 171, 185 (1967); McNair v. United States Postal Serv., 768 F.2d 730, 735 (5th Cir.1985)). "An employee governed by such an agreement will have standing only if he can show that the union breached its duty of fair representation." Phillips v. Potter, 2008 WL 2476870 at *4. No such allegations being raised in this case, this Court concludes that the Plaintiffs simply lack standing to pursue a claim for

breach of the CBA pursuant to the applicable law. Consequently, Plaintiffs' breach of contract claim is hereby **DISMISSED WITH PREJUDICE.**

**B. Tort Claim**

In their amended complaint, the Plaintiffs allege to have sustained emotional damages as a result of their wrongful termination. <u>See</u> Docket No. 4. Specifically, they allege that"the action arises out of the torts of USPS against Plaintiffs … ." <u>See</u> Docket No. 4 at ¶ 5.

In the motion to dismiss, the Defendants raise the following arguments with regards to said claim. Firstly, that such a claim is precluded by the applicable statute, namely, the FTCA. According to the Defendants, tort claims filed *eo nomine* against John Potter as PostMaster General and the USPS are barred by sovereign immunity, as the United States, which is not a party to this case, would be the only proper party defendant. Second, that even if the United States had been named a party to this action, Plaintiffs failed to timely exhaust the FTCA's mandatory administrative remedies. In their opposition, the Plaintiffs then respond - in clear contravention to the allegations in the complaint - that "[t]his is not a tort claim." <u>See</u> Docket No. 13 at page 5. Instead, they argue that their claim "clearly and unequivocally arises out of a contractual duty, and is, hence, a request for compensatory damages based on a breach of contract and not a tortuous act." <u>Id.</u> at pages 1-2.

Regardless of how the Plaintiffs want to categorize their claim now in the face of the motion to dismiss, a tort claim was specifically alleged in the complaint. To that extent, the First Circuit Court of Appeals has held that "tort suits brought against the Postal Service are governed by the provisions of the FTCA." <u>Davric Maine Corp. v. U.S. Postal Service</u>, 238 F.3d 58, 61-62 (1st Cir.2001) (internal citations omitted). The FTCA provides a limited waiver of the federal government's sovereign immunity for claims of "injury or loss of property … caused by the negligent or wrongful act or omission of any employee of the Government … under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "[F]or liability to arise under the FTCA, a plaintiff's cause of action must be comparable to a cause of action against a private citizen recognized in the jurisdiction where the tort occurred, and his allegations, taken as true, must satisfy the necessary elements of that

comparable state cause of action." <u>Abreu v. United States</u>, 468 F.3d 20, 23 (1st Cir.2006) (internal citations and quotation marks omitted).

"[T]he First Circuit has interpreted that the FTCA bars tort suits directed against federal agencies and their employees eo nomine," <u>Rivas v. U.S. Postal Service</u>, No. 08-1968 (SEC), 2010 WL 1328992, at *6 (D.P.R. March 25, 2010) (<u>quoting</u> <u>Armor Elevator Co., Inc. v. Phoenix Urban Corp.</u>, 655 F.2d 19, 22 (1st Cir.1981)), and thus, such a claim must be brought against the United States directly. Inasmuch as the present claim was filed against Potter and the USPS, and not the United States, the Court must dismiss the Plaintiffs' claim as it was improperly filed against Defendants.

However, the Plaintiffs' biggest hurdle is their failure to follow the administrative prerequisites for pursuing a claim under the FTCA. The viability of Plaintiffs' tort claim is governed by 28 U.S.C. § 2675(a), which states in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.** The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis ours). The required administrative claim shall be presented in writing to the appropriate Federal agency within two years after such claim accrues. See <u>Ramirez-Carlo v. U.S.</u>, 496 F.3d 41, 46 (1st Cir.2007) (citing 28 U.S.C.A. § 2401(b)). The First Circuit "has repeatedly held that compliance with this statutory requirement is a jurisdictional prerequisite to suit that cannot be waived." <u>Gonzalez v. U.S.</u>, 284 F.3d 281 (1st Cir.2002) (internal citations omitted).

No such notice of tort claim apparently has been filed by the Plaintiffs. The Defendants submit the sworn declaration of Linda K. Crump, Supervisor at USPS National Tort Center, asserting that the Plaintiffs never filed an administrative tort claim against the USPS. As a result, Plaintiffs' failure to exhaust the administrative prerequisites prior to filing this action and the term for doing so having expired requires that their tort claim be **DISMISSED WITH PREJUDICE.**

## C. Spouse's Derivative Claim for Damages

Article 1802 of Puerto Rico's Civil Code imposes liability upon a person for an "act or omission" that "causes damages to another through fault or negligence." P.R. Laws Ann. tit. 31, § 5141. In order to prevail in a general tort claim under Puerto Rico law, a party must establish the following elements: "(1) evidence of physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause)." Vazquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 49 (1st Cir.2007)(citing Torres v. KMart Corp., 233 F.Supp.2d 273, 277-78 (D.P.R.2002)).

The statute of limitations for tort actions pursuant to Article 1802 is one year. P.R. Laws Ann. tit. 31, § 5298; see Arturet Velez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 12 (1st Cir. 2005). The one year period begins to run once "the claimant is on notice of her claim; that is, notice of the injury, plus notice of the person who caused it." Id. at 14. (internal quotations omitted); see also Rodriguez-Suris v. Montesinos, 123 F.3d 10, 13 (1st Cir. 1997).

"Relatives of a victim of employment discrimination have a cause of action for damages under Article 1802 of the Puerto Rico Civil Code." Montalvo-Leon v. Wyeth Pharmaceuticals Co., No. 05-1236, 2007 WL 2905350, *27 (D.P.R. September 24, 2007) (citing Santini Rivera v. Serv. Air, Inc., 137 P.R. Dec. 1, 10 (1994)). The Puerto Rico Supreme Court has referred to these causes of action "as flowing from, or 'contingent upon,' the underlying discrimination claim of the employee, although the cause of action is independently founded in the general tort provision of the civil code (Article 1802) and not in the anti-discrimination laws." Marcano-Rivera v. Pueblo Intern., Inc., 232 F.3d 245, 258 n. 7 (1st Cir.2000) (internal citations omitted). In addition, regarding these claims, "[i]t is well-settled law that the filing of an administrative charge will not toll the running statute of limitations for tort actions, or for violation of rights, provided that an administrative agency, such as the EEOC, does not possess jurisdiction over such controversies." Montalvo-Leon, 2007 WL 2905350 at *27 (internal citations omitted).

The complaint includes the claims for damages of Marchani, Nieves and Berbena's conjugal partnerships. In accordance with the applicable law, this Court finds that the conjugal partnership's contingent claims for

damages are time-barred inasmuch as the present claim was filed outside the one-year statute of limitations. Therefore, these claims are also **DISMISSED WITH PREJUDICE.**

### IV. CONCLUSION

For the reasons stated above, Defendants' request for dismissal is hereby **GRANTED** (Docket No. 10), and therefore, Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE.** Final judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, May 27, 2010.


                                        S/ JUAN M. PEREZ-GIMENEZ
                                        JUAN M. PEREZ-GIMENEZ
                                        U.S. DISTRICT JUDGE